# EXHIBIT A

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of _DeKalb_ County

**For Clerk Use Only**

Date Filed _2/17/2022_
MM-DD-YYYY

Case Number _22A00618_

**Plaintiff(s)**

Crawford, Jamarious
Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

**Defendant(s)**

Al-Shaibani, Anwar
Last   First   Middle I.   Suffix   Prefix

Paschall Truck Lines, Inc.
Last   First   Middle I.   Suffix   Prefix

Daimler Trust Co.
Last   First   Middle I.   Suffix   Prefix

American Trucking and Transportation Insurance Company
Last   First   Middle I.   Suffix   Prefix

Plaintiff's Attorney _Alexander Northover_   Bar Number _484531_   Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number              Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.18

No. _____

22A00618

**Date Summons Issued and E-Filed**

02/16/2022

_____

/s/ Monica Gay

_____
Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

[✓] JURY

Jamarious Crawford

716 Adams Farm CT, Lawrenceville, GA 30046
Plaintiff's name and address

vs.

Anwar Al-Shaibani          22A00618

15072 Cameron Street, Southgate, MI 48195
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Alexander Northover / Northover Law Group LLC
Name

3400 Peachtree Rd NE, Suite 1049, Atlanta GA 30326
Address

404-390-3900
Phone Number                    484531
                                Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney
_____

Address
_____

Phone No. _____
                    Georgia Bar No.

Third Party Attorney
_____

Address
_____

Phone No. _____
                    Georgia Bar No.

**TYPE OF SUIT**

[✓] Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $   TBD

Interest $   TBD

Atty Fees $   TBD

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
[✓] Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

22A00618

No. _____

**Date Summons Issued and E-Filed**

02/16/2022

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

[ ✓ ] **JURY**

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

Jamarious Crawford
_____

716 Adams Farm CT, Lawrenceville, GA 30046
Plaintiff's name and address

**vs.**

American Trucking and Transportation Insurance Company
c/o Tricia or Ken Crippen
228 West Main Street, Missoula, MT 59802
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Alexander Northover / Northover Law Group LLC
Name

3400 Peachtree Rd NE, Suite 1049, Atlanta GA 30326
Address

404-390-3900
Phone Number

484531
Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney
_____

Address
_____

Phone No. _____ Georgia Bar No. _____

Third Party Attorney
_____

Address
_____

Phone No. _____ Georgia Bar No. _____

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ TBD

Interest $ TBD

Atty Fees $ TBD

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
☑ (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

No. **22A00618**

**Date Summons Issued and E-Filed**

02/16/2022

/s/ Monica Gay

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

Jamarious Crawford

716 Adams Farm CT, Lawrenceville, GA 30046
Plaintiff's name and address

[✓] **JURY**

**vs.**

Daimler Trust Co.
c/o BNY Mellon Trust of Delaware
301 Bellevue Parkway 3rd Floor, Wilmington DE 19809
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Alexander Northover / Northover Law Group LLC
Name

3400 Peachtree Rd NE, Suite 1049, Atlanta GA 30326
Address

404-390-3900
Phone Number                           484531
                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney _____

Address _____

Phone No. _____
                        Georgia Bar No.

Third Party Attorney _____

Address _____

Phone No. _____
                      Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ TBD

Interest $ TBD

Atty Fees $ TBD

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net To indicate consent to e-service check the box below.
☑ (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

22A00618

No. _____

**Date Summons Issued and E-Filed**

02/16/2022

/s/ Monica Gay

Deputy Clerk

Deposit Paid $ _____

[ ✓ ] **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Jamarious Crawford
716 Adams Farm CT, Lawrenceville, GA 30046
Plaintiff's name and address

**vs.**

Paschall Truck Lines Inc.
C/O National Registered Agent Service, Inc.
Defendant's name and address   2300 Henderson Mill Rd
Suite 330
Atlanta GA 30345

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Alexander Northover / Northover Law Group LLC
Name

3400 Peachtree Rd NE, Suite 1049, Atlanta GA 30326
Address

404-390-3900                                         484531
Phone Number                                         Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

| Defendant's Attorney | | Third Party Attorney | /s/ Monica Gay |
|---|---|---|---|
| Address | | Address | |
| Phone No. | Georgia Bar No. | Phone No. | Georgia Bar No. |

**TYPE OF SUIT**

[✓] Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ TBD

Interest $ TBD

Atty Fees $ TBD

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
[✓] (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

# NORTHOVER LAW GROUP, LLC

The Law Office of Alexander D. Northover, Esq.
3400 Peachtree Rd NE, Ste 1049, Atlanta, GA 30326
Phone: 404-390-3900
Fax: 678-810-0799
Email: alex@northoverlawgroup.com

**February 17, 2022**

Anwar Al-Shaibani
15072 Cameron Street
Southgate, MI 48195

*Sent via Certified Mail:*    9402 7116 9900 0989 1256 02

　　　　　　　　**My Client**    : Jamarious Crawford
　　　　　　　　**Date of Loss**  : October 19, 2019

Dear Mr. Al-Shaibani:

　　This law firm represents Jamarious Crawford in a case styled <u>Jamarious Crawford v. Paschall Truck Lines Inc., American Trucking and Transportation Insurance Company, Anwar Al-Shaibani, and Daimler Trust Co</u>, Civil Action File No. 22-A-00618, filed in the State Court of Dekalb County, Georgia.  Please find attached a *Summon* and *Complaint for Damages* in said action being sent to you pursuant to O.C.G.A. § 40-12-2.  If you have retained counsel to represent you in this matter, please forward this letter to your attorney and ask him or her to contact me at once so we can discuss the matters set forth herein.

　　Please understand that our office **represents Jamarious Crawford only**.  We do not represent you, your rights or your interests, nor can or will we give any legal advice to you.  You may, therefore, seek your own independent counsel to advise and represent you in this matter.

　　　　　　　　Very truly yours,

　　　　　　　　Alexander D. Northover, Esq.
　　　　　　　　*Owner/Managing Partner*
　　　　　　　　Northover Law Group, LLC








# Calloway County Sheriff's Office

## Nicky J. Knight, Sheriff

701 Olive Street
Murray, KY 42071

PHONE: (270) 753-3151
FAX: (270) 759-1433

ccso.office@callkyso.com

# AFFIDAVIT OF SERVICE

State of _KY_
County of _Calloway_

Case Number _22A00618_

_Jamarious Crawford_ vs. _David Gibbs (PTL)_
(Plaintiff's name)      (Defendant's name)

[ ] Personal service was made with defendant where all documents were served

[ ] Personal service was **not** made with defendant because _____

_____

I declare under penalty of perjury that the above statement is true and correct.

_____    _____
Signature of Deputy or Process Server         Date



## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Jamarious Crawford, | Case No. 22A00618 |
| Plaintiff, | |
| v. | |
| Paschall Truck Lines, Inc., American Trucking and Transportation Insurance Company, Anwar Al-Shaibani, and Daimler Trust Co., | Complaint for Damages |
| Defendants. | |

### Parties, Jurisdiction, And Venue

1. Plaintiff Jamarious Crawford is a citizen of the State of Georgia.

2. Defendant Paschall Truck Lines, Inc. is a commercial motor carrier.

3. Defendant Paschall Truck Lines, Inc.'s USDOT number is 105234.

4. Defendant Paschall Truck Lines, Inc. is a foreign corporation existing under the laws of Kentucky with its principal place of business in Kentucky.

5. Defendant Paschall Truck Lines, Inc. may be served through its Georgia registered agent National Registered Agent Service, Inc. at 2300 Henderson Mill Road, Suite 330, Atlanta, Georgia 30345. In the alternative, Paschall Truck Lines, Inc. may be served through its Kentucky registered agent David A. Gibbs at 3443 Highway 641 South, Murray, KY 42071.

6. Defendant Paschall Truck Lines, Inc. leases and operates the 2018 Freightliner New Cascadia that was involved in the crash that forms the basis for this complaint.

7. Defendant Paschall Truck Lines, Inc. is subject to the jurisdiction of this Court.

8. Venue is proper in this Court as to Defendant Paschall Truck Lines, Inc.

9. Defendant American Trucking and Transportation Insurance Company is a foreign corporation, existing under the laws of Montana, with its principal place of business

in Montana.

10. Defendant American Trucking and Transportation Insurance Company is authorized to transact business in Georgia.

11. Defendant American Trucking and Transportation Insurance Company provided a liability insurance policy on behalf of Defendants Paschall Truck Lines, Inc. and Anwar Al-Shaibani, that being policy number ATTPTL119 or ATTPTL116. Said policy was in effect on October 19, 2019.

12. Defendant American Trucking and Transportation Insurance Company has not filed with the Georgia Office of Insurance and Safety Fire Commissioner a power of attorney appointing a person to receive service of legal process.

13. Service may be made upon Defendant American Trucking and Transportation Insurance Company by serving the Georgia Office of Insurance and Safety Fire Commissioner pursuant to O.C.G.A. § 33-4-3.  In the alternative, Defendant American Trucking and Transportation Insurance Company may be served through its registered agent Tricia Crippen at 228 West Main Street, Missoula, Montana 59802.

14. Defendant American Trucking and Transportation Insurance Company is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

15. Venue is proper in this Court as to American Trucking and Transportation Insurance pursuant to O.C.G.A. § 14-2-510(b)(4).

16. Defendant Anwar Al-Shaibani is a Michigan resident who, at all times relevant to this Complaint, was operating a motor vehicle within the State of Georgia.

17. Service may be made upon Defendant Anwar Al-Shaibani by serving the Georgia Secretary of State pursuant to O.C.G.A. § 40-12-2.  In the alternative, Defendant Anwar Al-Shaibani may be served at 15702 Cameron Street, Southgate, Michigan 48195.

18. Defendant Anwar Al-Shaibani is subject to the jurisdiction of this Court pursuant to

O.C.G.A. § 9-10-91 and O.C.G.A. § 40-12-3.

19.   Venue is proper in this Court as to Defendant Anwar Al-Shaibani.

20.   Defendant Daimler Trust Co. is a foreign corporation, existing under the laws of Delaware, with its principal place of business in Texas.

21.   Defendant Daimler Trust Co. owns and leases out the 2018 Freightliner New Cascadia that was involved in the crash that forms the basis for this complaint.

22.   Defendant Daimler Trust Co. may be served through its registered agent BNY Mellon Trust of Delaware, 301 Bellevue Parkway, 3rd Floor, Wilmington, DE 19809.

23.   Defendant Daimler Trust Co. is subject to the jurisdiction of this Court.

24.   Venue is proper in this Court as to Defendant Daimler Trust Co.

25.   Plaintiff shows that due to the coronavirus/COVID-19 pandemic, an Order by Chief Justice Melton of the Georgia Supreme Court was issued on March 14, 2020, which declared a Statewide Judicial Emergency, which suspended all legal deadlines and tolled all statutes of limitations. Plaintiff further shows that said Order which suspended all legal deadlines and tolled all statutes of limitations was extended by Chief Justice Melton on April 6, 2020, May 11, 2020, and June 12, 2020. Plaintiff further shows that an Order by Chief Justice Melton was issued on July 10, 2020, which reimposed deadlines and ceased tolling of statutes of limitations effective as of July 14, 2020. Plaintiff has submitted a Certificate of Timeliness in accordance with the above-referenced Orders with this Complaint. (See Exhibit "A" attached).

**Imputed Liability**

26.   At the time of the Crash, Defendant Anwar Al-Shaibani was under dispatch for Defendant Paschall Truck Lines, Inc.

27.   At the time of the Crash, Defendant Anwar Al-Shaibani was operating his vehicle on behalf of Defendant Paschall Truck Lines, Inc.

28.   Defendant Paschall Truck Lines, Inc. is an interstate motor carrier, and pursuant to

federal and state laws, is responsible for the actions of Defendant Anwar Al-Shaibani with regard to the Crash under the doctrines of lease liability, agency, and/or apparent liability agency.

29. At the time of the Crash, Defendant Anwar Al-Shaibani was under dispatch for Defendant Daimler Trust Co.

30. At the time of the Crash, Defendant Anwar Al-Shaibani was operating his vehicle on behalf of Daimler Trust Co.

31. Defendant Daimler Trust Co. is an interstate motor carrier and vehicle lessor, and pursuant to federal and state laws, is responsible for the actions of Defendant Anwar Al-Shaibani with regard to the Crash under the doctrines of lease liability, agency, and/or apparent liability agency.

32. Upon information and belief, Defendant Paschall Truck Lines, Inc. acted as an agent, partner, joint venture, or alter ego of Defendant Daimler Trust Co., in doing the acts hereinafter alleged, was acting within its scope of authority as such and with the permission and consent of Defendant Daimler Trust Co.

33. Upon information and belief, in the alternative, Defendant Daimler Trust Co. acted as an agent, partner, joint venture, or alter ego of Defendant Paschall Truck Lines, Inc., in doing the acts hereinafter alleged, was acting within its scope of authority as such and with the permission and consent of Defendant Paschall Truck Lines, Inc.

**Facts Applicable to All Counts**

34. On October 19, 2019, Plaintiff was traveling north on Interstate 85 near its intersection with Jimmy Carter Blvd. in Gwinnett County, Georgia.

35. Defendant Anwar Al-Shaibani was also traveling north on Interstate 85.

36. Defendant Anwar Al-Shaibani changed lanes improperly.

37. As a result of his improper lane change, Defendant Anwar Al-Shaibani crashed into Plaintiff's vehicle.

38. Plaintiff was injured in the Crash.

39.   The investigating police officer cited Defendant Anwar Al-Shaibani for an improper lane change.

40.   At all relevant times, Plaintiff exercised due care for his own safety.

**Count One: Negligence of Defendant Anwar Al-Shaibani**

41.   Defendant Anwar Al-Shaibani owed a duty of care to the motoring public in general, and to Plaintiff in particular, to operate a vehicle in a reasonable and prudent manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

42.   Defendant Anwar Al-Shaibani failed to operate his vehicle in a reasonable and prudent manner and to adhere to the pertinent Rules of the Road for the State of Georgia by changing lanes improperly.

43.   The Crash was directly and proximately caused by the negligence of Defendant Anwar Al-Shaibani.

44.   The Crash was directly and proximately caused by the negligence of Defendant Anwar Al-Shaibani in changing lanes improperly.

45.   The Crash was directly and proximately caused by the negligence of Defendant Anwar Al-Shaibani in failing to keep a proper lookout.

46.   Defendant Anwar Al-Shaibani's actions constituted negligence *per se* regarding applicable laws and standards including, but not limited to:

   46.1.   Changing lanes improperly, in violation of O.C.G.A. § 40-6-48; and

   46.2.   Failing to exercise due care by driving while distracted, in violation of O.C.G.A. § 40-6-241.

47.   Plaintiff's personal injuries were directly and proximately caused by Defendant Anwar Al-Shaibani's negligence.

**Count Two: Negligent Hiring, Training, Retention, Supervision, and Entrustment by Defendants Paschall Truck Lines. Inc., Daimler Trust Co., and American Trucking and Transportation Insurance Company**

48. Defendant Paschall Truck Lines, Inc. was negligent in hiring Defendant Anwar Al-Shaibani.

49. Defendant Paschall Truck Lines, Inc. was negligent in entrusting Defendant Anwar Al-Shaibani with a motor vehicle.

50. Defendant Paschall Truck Lines, Inc. was negligent in failing to discharge Defendant Anwar Al-Shaibani before the Crash.

51. Defendant Paschall Truck Lines, Inc. was negligent in failing to properly supervise Defendant Anwar Al-Shaibani.

52. Defendant Paschall Truck Lines, Inc. was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

53. Defendant Paschall Truck Lines, Inc.'s negligence in hiring Defendant Anwar Al-Shaibani, failing to discharge him, failing to properly train him, failing to properly supervise him, and entrusting him with a motor vehicle proximately caused Plaintiff's injuries.

54. Defendant Daimler Trust Co. was negligent in hiring Defendant Anwar Al-Shaibani.

55. Defendant Daimler Trust Co. was negligent in entrusting Defendant Anwar Al-Shaibani with a motor vehicle.

56. Defendant Daimler Trust Co. was negligent in failing to discharge Defendant Anwar Al-Shaibani before the Crash.

57. Defendant Daimler Trust Co. was negligent in failing to properly supervise Defendant Anwar Al-Shaibani.

58. Defendant Daimler Trust Co. was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

59. Defendant Daimler Trust Co.'s negligence in hiring Defendant Anwar Al-Shaibani, failing to discharge him, failing to properly train him, failing to properly supervise

him, and entrusting him with a motor vehicle proximately caused Plaintiff's injuries.

60.  Defendant American Trucking and Transportation Insurance Company was negligent in hiring Defendant Anwar Al-Shaibani.

61.  Defendant American Trucking and Transportation Insurance Company was negligent in entrusting Defendant Anwar Al-Shaibani with a motor vehicle.

62.  Defendant American Trucking and Transportation Insurance Company was negligent in failing to discharge Defendant Anwar Al-Shaibani before the Crash.

63.  Defendant American Trucking and Transportation Insurance Company was negligent in failing to properly supervise Defendant Anwar Al-Shaibani.

64.  Defendant American Trucking and Transportation Insurance Company was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including but not limited to Plaintiff.

65.  Defendant American Trucking and Transportation Insurance Company's negligence in hiring Defendant Anwar Al-Shaibani, failing to discharge him, failing to properly train him, failing to properly supervise him, and entrusting him with a motor vehicle proximately caused Plaintiff's injuries.

### Count Three: Direct Action Against Defendant American Trucking and Transportation Insurance Company

66.  Defendant American Trucking and Transportation Insurance Company is subject to a direct action as the insurer for Paschall Truck Lines, Inc. pursuant to O.C.G.A. § 40-1-12 and O.C.G.A. § 40-2-140.

67.  Defendant American Trucking and Transportation Insurance Company was the insurer of Defendant Paschall Truck Lines, Inc. at the time of the Crash and issued a liability policy that afford coverage in this case.

68.  Defendants American Trucking and Transportation Insurance Company and Paschall Truck Lines, Inc. are subject to the filing requirements outlined in O.C.G.A. § 40-1-12 and O.C.G.A. § 40-2-140.

69. Defendant American Trucking and Transportation Insurance Company is responsible for any judgment rendered against Defendant Paschall Truck Lines, Inc. or Defendant Anwar Al-Shaibani.

## Damages

70. Each of the forgoing acts and omissions constitutes an independent act of negligence on the part of Defendants and one or more of all above stated acts were the proximate causes of the injuries to Plaintiff.

71. Defendants are liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment, and all other elements of damages allowed under the State of Georgia.

72. But for the negligence of Defendants, Plaintiff would not have suffered injuries and damages that will be proven at trial.

73. Based on clear and convincing evidence, Plaintiff shows that Defendants' actions constitute willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages for his personal injuries from Defendants, as determined by the enlightened conscience of the jury. Pursuant to O.C.G.A. § 51-12-5.1(g), "the amount which may be awarded in the case shall be limited to a maximum of $250,000.00."

74. Defendants have been stubbornly litigious, acted in bad faith, and have caused Plaintiff unnecessary trouble and expense. Thus, Plaintiff is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

75. Plaintiff seeks to and is entitled to recover for:

   75.1.   Personal injuries

   75.2.   Past, present, and future pain and suffering

   75.3.   Disability

75.4.   Disfigurement

75.5.   Mental anguish

75.6.   Loss of capacity for the enjoyment of life

75.7.   Economic losses

75.8.   Incidental expenses

75.9.   Past, present, and future medical expenses

75.10.  Lost earnings

75.11.  Loss of earning capacity

75.12.  Permanent injuries

75.13.  Punitive damages

75.14.  Consequential damages to be proven at trial.

76. Plaintiff respectfully requests:

76.1.   Process issue as provided by law

76.2.   Trial by jury against Defendants

76.3.   Judgment be awarded to Plaintiff and against Defendants

76.4.   Plaintiff be awarded damages in amounts to be shown at trial

76.5.   Plaintiff be awarded pre- and post- judgment interest on all sums awarded to
        the maximum extent allowable by law; and

76.6.   Plaintiff have such other relief as this Court deems just and appropriate.


Submitted on February 16, 2022, by:



Northover Law Group            /s/Alexander D. Northover
3400 Peachtree Road NE         Alexander D. Northover
Suite 1049                     Georgia Bar No. 484531
Atlanta, GA 30326              Attorney for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA.
2/16/2022 6:45 PM
E-FILED
BY: Monica Gay

404-390-3900
678-810-0799 – fax
alex@northoverlawgroup.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Jamarious Crawford,** | Case No. |
| Plaintiff, | _____ |
| v. | |
| **Paschall Truck Lines, Inc., American Trucking and Transportation Insurance Company, Anwar Al-Shaibani, and Daimler Trust Co.,** | **Complaint for Damages** |
| Defendants. | |

## <u>CERTIFICATE OF TIMELINESS</u>

Pursuant to Supreme Court Rule 11.1, Plaintiff certifies that this filing is timely submitted, taking into account the suspension of filing deadlines as prescribed by the Order Declaring Statewide Judicial Emergency entered on March 14, 2020.

Specifically:

(a)    This filing was originally due on **<u>October 19, 2021</u>**.

(b)    The number of days that remained before the date specified in (a), as of the suspension of the deadline on March 14, 2020, was **<u>five hundred eighty-four (584) days</u>**.

(c)    This filing is timely because it is being filed within the number of days specified in (b), counting from July 14, 2020.

To the extent the deadline for this filing has been affected by a local Judicial Emergency Order entered by the Chief Judge of a Superior Court or by any case-specific trial court, a copy of such order(s) is attached hereto.

**EXHIBIT "A"**

Respectfully submitted this 16th day of February, 2022.

/s/ Alexander D. Northover
Alexander D. Northover
Georgia Bar No. 484531
Attorney for Plaintiff

Northover Law Group
3400 Peachtree Road NE
Suite 1049
Atlanta, GA 30326
404-390-3900
678-810-0799 – fax
alex@northoverlawgroup.com

## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **Jamarious Crawford,** | Case No. 22A00618 |
| Plaintiff, | |
| v. | |
| **Paschall Truck Lines, Inc., American Trucking and Transportation Insurance Company, Anwar Al-Shaibani, and Daimler Trust Co.,** | **Plaintiff's First Requests for Admission to All Defendants** |
| Defendant. | |

Plaintiff serves these Requests for Admission pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-36.

### Definitions

1. "*Document*" includes, but is not limited to, emails, correspondence, reports, memoranda, publications, stenographic or handwritten notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2. "*Person*" means any natural person, corporation, partnership, proprietorship, association, organization, entity, or group of persons.

3. "*The Crash*" means the automobile crash described in Plaintiff's Complaint and which forms the basis of this lawsuit.

4. "Defendant driver means Anwar Al-Shaibani.

5. "You" means all Defendants to whom these Requests are directed.

## Requests for Admissions

1.  You have been correctly named in this case insofar as your legal name is concerned.

2.  You have been properly served as a party defendant.

3.  Process is sufficient with regard to you in this case.

4.  Service of process is sufficient with regard to you in this case.

5.  This Court has jurisdiction over the subject matter of this case.

6.  This Court has personal jurisdiction over you in this case.

7.  Venue is proper in this Court.

8.  You caused the Crash that is the subject of Plaintiff's Complaint

9.  The Crash that is the subject of Plaintiff's Complaint was not the fault of any person not a party to this lawsuit.

10. Plaintiff did not contribute to causing the Crash that is the subject of Plaintiff's Complaint.

11. The Crash was caused by your negligent acts and/or omissions.

12. Plaintiff was injured as a result of the Crash.

13. The injuries Plaintiff sustained in this Crash required medical treatment.

14. You received a subsequently paid a fine for an improper lane change in connection with this Crash.

Submitted on February 17, 2022, by:


Northover Law Group           /s/Alexander D. Northover
3400 Peachtree Road NE        Alexander D. Northover
Suite 1049                    Georgia Bar No. 484531
Atlanta, GA 30326             Attorney for Plaintiff
404-390-3900
678-810-0799 – fax

alex@northoverlawgroup.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Jamarious Crawford,** | Case No. 22A00618 |
| Plaintiff, | _____ |
| v. | |
| **Paschall Truck Lines, Inc., American Trucking and Transportation Insurance Company, Anwar Al-Shaibani, and Daimler Trust Co.,** | **Plaintiff's First Interrogatories to Defendants Paschall Truck Lines, Inc., American Trucking and Transportation Insurance Company, and Daimler Trust Co.** |
| Defendants. | |

Plaintiff serves these Interrogatories pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-33.

Each interrogatory is addressed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to each of the aforementioned persons.

### Definitions

1. *"Document"* includes, but is not limited to, emails, correspondence, reports, memoranda, publications, stenographic or handwritten notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2. *"Person"* means any natural person, corporation, partnership, proprietorship, association, organization, entity, or group of persons.

3. *"Identify"*

    i. With respect to any *person*, *"identify"* means to provide that person's last known contact information for personal and work (phone, postal address, and email address), and a description of the person's connection with the events in question.

    ii. With respect to any *document*, *"identify"* means to provide the title of the

document, the date the document was created, the name of the creator, the name of the person who directed that the document be created, and the identity of the person or group to whom the document was distributed.

4.    "*The Crash*" means the automobile crash described in Plaintiff's Complaint and which forms the basis of this lawsuit.

### *Interrogatories*

### Background

1.   State the name and address of any individual or entity with any ownership or lease interest in the tractor or trailer (including any container or chassis if applicable) driven by Defendant Al-Shaibani on the date of the incident referred to in the Complaint and describe the nature of the interest.

2.   State the point of origin, time of departure, destination, time of arrival, and reason for the trip being made by Defendant Al-Shaibani at the time of the incident referred to in the Complaint.

3.   In regard to the load being transported by Defendant Al-Shaibani at the time of the collision, identify where the load originated; the contents of the load; the weight of the load; the final destination of the load; and any contracts, bills of lading shipment documents, consignment forms, fax correspondence, or other writings pertaining to the transportation of said load.

4.   Has any insurer denied coverage or reserved its right to later deny coverage with respect to the Crash? If so, please explain when and why coverage was denied or the right to deny coverage at a later date was reserved.

5.   Identify any individuals and/or entities that have performed maintenance and/or repairs on the tractor and/or trailer driven by Defendant Al-Shaibani on the day of the Crash for the one-year period preceding the Crash and the six-month-period after the Crash.

6.   Did you conduct a post-Crash alcohol and controlled substance test on Defendant Al-Shaibani? If so, please state the date and time of testing, who performed the test, where the test was performed, and the results of the test. If post-Crash testing was not performed on Defendant Al-Shaibani, please state the reason(s) such testing did not occur.

7.   Was a post-Crash report completed and forwarded to the Federal Highway Administration? If not, please state please state the reason(s) that a post-Crash report

was not completed and/or forwarded.

8.     Identify (including the name, address, and telephone number) the Executive Officers (CEO, President, Chairman, CFO, COO), Safety Director, Federal Safety Regulation Officer, Personnel Director, and Dispatcher for the trip which ultimately resulted in the Crash, and all persons who interviewed and were involved with the hiring, associating, and/or training of Defendant Al-Shaibani.

9.     Describe the tractor operated by Defendant Al-Shaibani at the time of the Crash, including but not limited to the year, make, and model, mileage, maintenance history, all features, specifications, special equipment, governors, on-board recording devices, radar detectors, CB radios, or other descriptive information regarding the tractor and trailer unit.

10.     Have you been cited by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations? If so, for each instance, state the date of the violation, a description of the violation, the location where the violation occurred, the agency that issued the citation, and the ultimate disposition of the violation.

11.     Has Defendant Al-Shaibani ever been disqualified or placed out of service? If so, please state for each instance the date(s) of the disqualification(s) and the reason(s) for the disqualification(s).

12.     State the extent of any training provided to Defendant Al-Shaibani by you or any outside agency since the date of Defendant Al-Shaibani's application for employment or the date he began driving for you, whichever came first.

13.     Identify all steps taken <u>before</u> the Incident to determine whether Defendant Al-Shaibani was a safe driver. Include, but do not limit your response to, details about screening, hiring, background checks, tests, and training.

14.     Identify any instructions given to Paschall Truck Lines drivers generally, or Defendant Al-Shaibani specifically, about how to change lanes properly.

15.     Identify any communications between you/your dispatcher and Defendant Al-

Shaibani (including the participants in the communications, the time of the communication, and the content of the communications) in the thirty-minute period preceding the Crash and the thirty-minute period after the Crash.

16. After the Crash, did you discipline, punish, reprimand, penalize, or warn Defendant Al-Shaibani in any way?  If yes, how, and by whom?

17. Explain the nature of the employment relationship between you and Defendant Al-Shaibani (i.e. lease operator, company driver, temporary driver, etc.) including, but not limited to: the date the employment relationship began, if the employment relationship has been terminated, the date of such termination, and the identity of the person who terminated such driver.

18. With respect to Defendant Al-Shaibani, please state the driver's mode of compensation.

19. Identify all automobile accidents and moving violations for Defendant Al-Shaibani prior to and subsequent to the incident referred to in the complaint, including the date of the event, the location, the jurisdiction, and a description of the event.

20. State the name and address of any person, including any party, who, to your knowledge, information, or belief was an eyewitness to the Crash, has some knowledge of any fact or circumstance upon which your defense is based, or has conducted any investigation relating to the Crash or to the background, employment, medical history, or activities of the Plaintiff.

**Plaintiff's Injuries**

21. Are you aware of any instances where Plaintiff was arrested for, charged with, or convicted of a crime? If so, please identify each instance.

22. State whether you or your agent(s) have attempted to surveil or observe Plaintiff at any time after the Crash, even if such attempts were unsuccessful. Identify any video recordings, photographs, or reports related to such surveillance or observation. List the date(s) on which the surveillance or observation was conducted and the person(s)

who conducted it

23. Identify all witnesses who have knowledge about Plaintiff's injuries or damages.

24. Do you contend that Plaintiff was not truly injured in the Crash, is exaggerating, faking, or lying concerning Plaintiff's injuries in any way? If yes, please state in the ways in which Plaintiff claims to be injured but is not; is exaggerating; faking; or lying.

### Witnesses

25. Identify all persons who saw any part of the Crash, have knowledge about the Crash, have investigated the Crash, or have investigated the claims made in this lawsuit.

26. Identify any statements you know of that were made by Plaintiff concerning the Crash, Plaintiff's injuries, or this lawsuit in any way.

27. Identify each person to whom Defendant and/or its agents/employees have given any written or otherwise recorded statement in connection with the subject matter of this litigation and identify each statement.

28. If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

29. Pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i), identify all expert witnesses whom you expect to testify at trial and describe the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

### Miscellaneous

30. Have any documents responsive to Plaintiff's Request for Documents been destroyed, lost, misplaced, withheld, or provided to a third party such that they were not produced to Plaintiff? If so, please describe each such document, the reason it was not produced, and the document's current location.

31. Has Defendant or any of its agents or representatives communicated with Plaintiff since the Crash? If so, please identify all instances in which Defendant has

communicated with Plaintiff, including the date(s), method(s) of communication(s), substance of the communication(s), and any other witnesses to the communication(s).

32.  When did you first contemplate litigation?

33.  Identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. State the policy number forb each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered against you.

34.  Pursuant to USCR 5.5, for each document that you have not produced on the grounds of privilege, please state the date the document was generated, identify the person who created the document, the present custodian, a description of the document.

35.  Identify the person or persons who assisted in any way in responding to Plaintiff's Interrogatories, by stating the person(s) full name, residential address, current employer, telephone number(s) and specify the particular response or responses to which each person responded.

Submitted on February 17, 2022, by:

Northover Law Group
3400 Peachtree Road NE
Suite 1049
Atlanta, GA 30326
404-390-3900
678-810-0799 – fax
alex@northoverlawgroup.com

/s/Alexander D. Northover
Alexander D. Northover
Georgia Bar No. 484531
Attorney for Plaintiff

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **Jamarious Crawford,** | Case No. 22A00618 |
| Plaintiff, | |
| v. | |
| **Paschall Truck Lines, Inc., American Trucking and Transportation Insurance Company, Anwar Al-Shaibani, and Daimler Trust Co.,** | **Plaintiff's First Interrogatories to Defendant Anwar Al-Shaibani** |
| Defendants. | |

Plaintiff serves these Interrogatories pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-33.

Each interrogatory is addressed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to each of the aforementioned persons.

### Definitions

1. "*Document*" includes, but is not limited to, emails, correspondence, reports, memoranda, publications, stenographic or handwritten notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2. "*Person*" means any natural person, corporation, partnership, proprietorship, association, organization, entity, or group of persons.

3. "*Identify*"
   i. With respect to any *person*, "*identify*" means to provide that person's last known contact information for personal and work (phone, postal address, and email address), and a description of the person's connection with the events in question.

ii. With respect to any *document*, "*identify*" means to provide the title of the document, the date the document was created, the name of the creator, the name of the person who directed that the document be created, and the identity of the person or group to whom the document was distributed.

4. "*The Crash*" means the automobile crash described in Plaintiff's Complaint and which forms the basis of this lawsuit.

*Interrogatories*

**Background**

1.   What is your full name, address at the time of the Crash, current address, driver's license number, and date of birth?

2.   Identify each school (including technical schools), college, and university that you have attended, including for each the full address, the date of graduation or completion, and the degree(s) you received therefrom, and if you are currently a student, identify your school, college or university and program and degree sought.

3.   Describe in detail any training you have received with respect to operation of commercial motor vehicles throughout your lifetime.  Include the person/entity that provided training, the time of the training, the subject matter of the training, and whether you received any certificates for said training.  Include, but do not limit your response to, training materials, seminars, lectures, books, pamphlets, videos, workbooks, electronic documents, tests, and quizzes.

4.   Identify each place of employment where you have worked for the past ten (10) years (as an employee, independent contractor, or under some other arrangement) by stating the name, address and phone number of each place of employment as well as the full name for each of your supervisors at each place of employment, whether the you left each place of employment voluntarily or were terminated, and the reason you left each place of employment.

5.   Have you been suspended or disciplined by any company in the last 10 years? If so, provide the name of the company and describe the event.

6.   Have you ever been arrested? If so, identify any instance where you have been arrested for any crime by stating the date of arrest, the name of the arresting agency, the charge(s) for which you were arrested, the case number of any criminal case arising out of the arrest, the court where the charges were disposed of, and the final disposition of the charges.

7.   Identify any instance where you have been issued a traffic citation for any traffic

violation by stating the date of the citation, the name of the agency issuing the citation, the charge(s) for which you were issued a citation, the citation number, the court where the citation was disposed of, and the final disposition of the citation.

8.  Identify all traffic or FMCSR-related citations that you have received, without regard to the eventual disposition of the citation. Include in your answer the date the citation was issued, the entity which issued the citation, the reason you were issued the citation, the case number of any case or hearing arising out of the citation, the court where the citation was disposed of, and the final disposition of the citation.

9.  Identify any instance where you have been involved in any traffic accident by stating the date of the accident, the location of the accident, the facts giving rise to the accident, the name of all parties involved in the accident, the name of any law enforcement agency responding to the accident, whether you were issued a citation for any reason after the accident, the citation number, the court where the citation was disposed of, and the final disposition of the citation.

10. State all drivers' licenses that you have ever held including the state where the license was held and the license number; and for each such license state whether the license has ever been revoked, suspended, or whether you have been placed on probation; and if so, state when, where and why it was suspended or revoked or why it was placed on probation, and the period of such suspension or revocation.

11. Identify all lawsuits to which you have been a party to at any time by stating the case name, case number, county of filing, date of filing, and final disposition.

12. Did you have a cell phone at the time of the Crash? If so, please provide the phone number, service provider, and name of the owner of the account.

## The Crash

13. State the point of origin, destination, reason for the trip, and any stops made by you for the trip that resulted in the Crash.

14. Please state exactly how you contend that the Crash occurred, describing in sequence

- 4 -

the events that you contend occurred leading up to the same as seen by you.

15.   Do you have an opinion as to the cause(s) of the Crash? If so, state your opinion as to all of the causes of the Crash and state any and all facts upon which you base your opinion.

16.   Identify any and all drugs (including, but not limited to, over-the-counter medication and prescription medication) and alcohol you consumed or otherwise used during the 24-hour period preceding the Crash.  Include in your answer the quantity, type, and brand of each thing you consumed, and when and where you consumed each individual drug/alcoholic drink.  If you cannot give the exact time of when you consumed a drug/alcoholic drink, please provide your best estimate.

17.   Did you make any calls (using a cell phone, radio, or other device) at any point between the time you left the point of origin and the Crash?  If so, state what device you used to make the call, who you called, and the substance of your conversation with that person(s).

18.   Did you utilize a GPS navigation device (including a cell phone) during the trip that resulted in the Crash?  If so, provide the brand, model, and serial number for said device.  State the addresses/locations that were entered into the device at any point between the time you left the point of origin to the time of the Crash.

**Plaintiff's Injuries**

19.   Are you aware of any instances where Plaintiff was arrested for, charged with, or convicted of a crime? If so, please identify each instance.

20.   Identify all witnesses who have knowledge about Plaintiff's injuries or damages.

21.   Do you contend that Plaintiff was not truly injured in the Crash, is exaggerating, faking, or lying concerning Plaintiff's injuries in any way? If yes, please state in the ways in which Plaintiff claims to be injured but is not; is exaggerating; faking; or

lying.

## Witnesses

22. Identify all person who have investigated the Crash or the claims made in this lawsuit.

23. Identify any witnesses who saw any part of the Crash or have any knowledge about the Crash.

24. Identify any statements you know of that were made by Plaintiff concerning the Crash, Plaintiff's injuries, or this lawsuit in any way.

25. Identify each person to whom Defendant has given any written or otherwise recorded statement in connection with the subject matter of this litigation and identify each statement.

26. If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

27. Pursuant to O.C.G.A. § 9-11-26(b)(4)(A)(i), identify all expert witnesses whom you expect to testify at trial and describe the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

28. Have you or your agents/employees communicated with Plaintiff since the Crash? If so, please identify all instances in which Defendant has communicated with Plaintiff, including the date(s), method(s) of communication(s), substance of the communication(s), and any other witnesses to the communication(s).

## Miscellaneous

29. Has Defendant communicated with Plaintiff since the Crash? If so, please identify all instances in which Defendant has communicated with Plaintiff, including the date(s), method(s) of communication(s), substance of the communication(s), and any other witnesses to the communication(s).

30. Have any documents responsive to Plaintiff's Request for Documents been

destroyed, lost, misplaced, withheld, or provided to a third party such that they were not produced to Plaintiff? If so, please describe each such document, the reason it was not produced, and the document's current location.

31. State whether you or your agent(s) have attempted to surveil or observe Plaintiff at any time after the Crash, even if such attempts were unsuccessful. Identify any video recordings, photographs, or reports related to such surveillance or observation. List the date(s) on which the surveillance or observation was conducted and the person(s) who conducted it.

32. Was a DOT inspection conducted upon you or your vehicle after the Crash? If so, state what was inspected, the result of the inspection, and the name of the inspector.

33. Have you ever been disqualified or placed out of service? If so, please state for each instance the dates of disqualification and the reason(s) for each disqualification.

34. Have you ever received training, policies, or procedures you have received from Paschall Truck Lines, Daimler Trust Co., or any other source with respect to how to change lanes safelt. If so, please identify such training, policies, or procedures stating the name of the the person/entity that provided training/policies/procedures, the time you received the training/policies/procedures, the subject matter of the training/policies/procedures, and whether you received any certificates for any such training.

35. Were you required once per year by Defendant Paschall Truck Lines, Inc. to report all collisions you were involved in and citations that you received over the prior year? If yes, did you ever not report any collisions or citations Defendant Paschall Truck Lines that you were required to?

36. When were your last two medical examinations pursuant to FMCSR § 391.43? Identify the doctor that performed each examination.

37. Did you give a written or verbal statement to Paschall Truck Lines, Daimler Trust Co., or anyone affiliated with Paschall Truck Lines or Daimler Trust Co. about the Crash? If so, identify the person to whom you gave the statement, provide the date on which you gave the statement, and (unless the statement is being

- 7 -

contemporaneously produced) summarize the statement.

38.   After the Crash, did Paschall Truck Lines or Daimler Trust Co. discipline, punish, reprimand, penalize, or warn you in any way?  If yes, how and by whom?

39.   When did you first contemplate litigation?

40.   Identify the person or persons who assisted in any way in responding to Plaintiff's Interrogatories, by stating the person(s) full name, residential address, current employer, telephone number(s) and specify the particular response or responses to which each person responded.

Submitted on February 17, 2022, by:


Northover Law Group                     /s/Alexander D. Northover
3400 Peachtree Road NE                  Alexander D. Northover
Suite 1049                              Georgia Bar No. 484531
Atlanta, GA 30326                       Attorney for Plaintiff
404-390-3900
678-810-0799 – fax
alex@northoverlawgroup.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Jamarious Crawford,** | Case No. 22A00618 |
| Plaintiff, | |
| v. | |
| **Paschall Truck Lines, Inc., American Trucking and Transportation Insurance Company, Anwar Al-Shaibani, and Daimler Trust Co.,** | **Plaintiff's First Request for Production of Documents to Defendants Paschall Truck Lines, Inc., American Trucking and Transportation Insurance Company, and Daimler Trust Co.** |
| Defendants. | |

Plaintiff serves these Interrogatories pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-34.

Each request is addressed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to each of the aforementioned persons.

### Definitions

1. "*Document*" includes, but is not limited to, emails, correspondence, reports, memoranda, publications, stenographic or handwritten notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2. "*Person*" means any natural person, corporation, partnership, proprietorship,

association, organization, entity, or group of persons.

3.      *The Crash*" means the automobile crash described in Plaintiff's Complaint and which forms the basis of this lawsuit.

4.      "Defendant driver means Anwar Al-Shaibani.

5.      "You" means all Defendants to whom these Requests are directed.

## *Requests*

### Background

1.   Produce all insurance policies which cover you/your company or may cover you/your company for the Crash. This request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for same.

2.   Produce your accident register for the one-year period preceding the Crash.

3.   Produce any driver manuals, guidelines, rules, or regulations issued to drivers by your company or kept by your company.

4.   Produce copies of all safety manuals, brochures, handouts, literature, or other written documents pertaining to safety provided to drivers by you or kept by you..

5.   Produce all documents reflecting or related to citations issued to you by the Department of Transportation, Public Service Commission, or Federal Highway Administration for violation of the Federal Motor Carrier Safety Regulations within the past seven years.

6.   Produce all hiring policies, guidelines, or rules for hiring someone in the position occupied by the Defendant driver which were in effect at the time the Defendant driver was hired.

7.   Produce all advertisements the Defendant company has placed since 2008 seeking prospective employees to apply for employment. In your response, please include the advertisement, if applicable, to which the Defendant driver responded.

8.   Produce all documents related to collisions involving vehicles operated by Defendant Al-Shaibani.

9.   Produce all documents related to citations or other government disciplinary actions against Defendant Al-Shaibani.

### The Vehicle

10.   Produce all leases, contracts, or other agreements regarding the tractor or trailer

(including any container or chassis, if applicable) driven by the Defendant driver on the day of the Crash.

11. Produce all bills of sale, titles, and any other documents relating to the ownership of the tractor and trailer (including any container or chassis, if applicable) driven by the Defendant driver on the day of the Crash.

12. Produce all daily inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by the Defendant driver on the day of the Crash for the one-year period preceding the Crash and the six-month period following the Crash.

13. Produce all monthly inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by the Defendant driver on the day of the Crash for the one-year period preceding the Crash and the six-month period following the Crash.

14. Produce all annual inspection reports and any other inspection reports concerning the tractor and trailer (including any container or chassis, if applicable) driven by the Defendant driver on the day of the Crash for the one-year period preceding the Crash and the six-month period following the Crash.

15. Produce all maintenance records concerning the tractor and trailer (including any container or chassis, if applicable) driven by the Defendant driver on the day of the Crash for the one-year period preceding the Crash and the six-month period following the Crash

16. Produce all repair invoices and work orders concerning the tractor and trailer (including any container or chassis, if applicable) driven by the Defendant driver on the day of the Crash for the one-year period preceding the Crash and the six-month period following the Crash.

17. Produce all documents concerning any disqualification or placement out of service of the tractor and trailer the Defendant driver was driving on the day of the Crash.

18. Produce any permits or licenses regarding the tractor and trailer driven by the

Defendant driver and the load transported by the Defendant driver at the time of the Crash.

### The Crash

19. Produce all documents relating to the Defendant driver's activities on the day of the Crash.

20. Produce the bills of lading for all loads carried by the Defendant driver for the day of the Crash.

21. Produce any printouts, records, correspondence, memoranda, or other documents concerning post-accident alcohol and controlled substance testing of the Defendant driver.

22. Produce all documents related to the damage to, or repair of, Defendant's vehicle involved in the Crash. This request encompasses, but is not limited to, photographs, repair estimates, repair bills, and damage appraisals.

23. Produce any printouts, records, or documents, produced by any on-board recording device, on-board computer, tachograph, trip monitor, trip recorder, trip master, Qualcomm, Vorad, ECM, or similar device that was utilized by the tractor-trailer driven by the Defendant driver at the time of the Crash.

24. Produce all documents and materials sent to or received from the Director of Regional Motor Carrier Safety of the Office of the Federal Highway Administration, the Georgia Regulatory Authority, or any other governmental agency relative to the Crash.

25. All videotapes, photographs, plats, or drawings of the scene of the incident referred to in the Complaint, the vehicles, or Plaintiff.

### The Defendant Driver

26. Produce all PSP reports or similar reports from the FMCSA on the Defendant driver showing his prior accidents or inspection history.

27. Produce copies of all cell phone records showing incoming calls, outgoing calls, and

text messages to or from the Defendant driver on the date of the Crash.

28. Produce all records showing training received by the Defendant driver on how to change lanes safely.

29. Produce all leases, employment contracts, and any other documents regarding the employment status of the Defendant driver.

30. Produce a copy of the Defendant driver's driver qualification file, including but not limited to:

    a. Application for employment; b. Copy of his CDL license;

    b. c. Driver's certification of prior motor vehicle accidents;

    c. d. Driver's certification of prior violations of motor vehicle laws;

    d. e. Driver's prior employment history;

    e. f. Your inquiry into his driving record;

    f. g. Your inquiry into his employment record;

    g. h. Documents regarding your annual review of his driving record;

    h. i. Response of each state agency to you annual inquiry regarding his driving record;

    i. j. Certification of driver's road test;

    j. k. Medical examiner's certificate;

    k. l. Statement setting forth in detail any denial, revocation, or suspension of any license, permit, or privilege to operate a motor vehicle;

    l. m. Training certificates and training documents;

    m. n. Drug testing records;

    n. o. Any other documents in said file.

31. Produce all trip reports and dispatch records related to the Defendant driver for the two-week period preceding the Crash.

32. Produce all driver's logs or time cards for the Defendant driver for the one-month period preceding the Crash.

33. Produce all results of tests administered to the Defendant driver pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation,

Parts 391.31, 391.35, and 391.43 pertaining to road tests, written exams, and medical exams, respectively.

34.  Produce copies of all reports, memoranda, notes, logs, or other documents evidencing any complaints, whether formal or informal, about the Defendant driver.

35.  Produce all documents related to any reprimand or discipline, whether formal or informal (including emails, text messages, official company documents, etc.), that the Defendant driver has received.

36.  Produce all documents concerning any disqualification or placement out of service of the Defendant driver.

37.  Produce all documents regarding any training received by the Defendant driver.

38.  Produce all documents relating to any motor vehicle collision, traffic violation, FMCSA/DOT violation, or other crime committed or allegedly committed by the Defendant driver of which you were aware prior to the Crash.

39.  Produce any information or reports you have, from any private source or governmental entity, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the Defendant driver.

40.  Produce all documents regarding the Defendant driver upon which the Defendant company relied in deciding to hire him.

41.  Produce the payroll information concerning the Defendant driver for the three months prior to the Crash. (Plaintiff is requesting copies of the Defendant driver's individualized payroll record ledger sheet indicating the amount of pay, miles driven for the time periods specified, etc.)

**Damages**

42.  Please produce a copy of all documents relating to Plaintiff that may be relevant to the issue of damages.

43.  Please produce copies of all evidence in your possession to include documents,

medical records, photographs, sound or video recordings, or any documentation by any other name that concerns Plaintiff's physical or medical condition, injuries, or damages.

44. All statements you know of that were made by Plaintiff concerning the Crash, Plaintiff's injuries, or this lawsuit in any way.

45. Produce all video recordings, photographs, reports, or other documents related to surveillance or observation of Plaintiff after the Crash.

### Witnesses

46. Produce all written or otherwise recorded statements in connection with the subject matter of this litigation, which includes, but is not limited to, the issues of liability or damages.

47. Produce all statements or reports made by any person who was an eyewitness to the Crash, has some knowledge of any fact or circumstance upon which your defense is based, or has conducted any investigation relating to the Crash or to the background, employment, medical history, or activities of the Plaintiff.

48. Produce all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by an individual who made a statement or report that is responsive to the preceding request.

### Experts

49. All documents received from or created by any experts who have investigated any issue relevant to the Crash

50. All documents and things that Defendant has provided to any expert you designated or expect to testify on Defendant's behalf at the trial of this matter.

51. All materials relied upon by each expert in formulating their opinions and conclusions.

52. All documents received from or created by any experts who have investigated any

issue relevant to the Incident.

53.    The entire file of all experts, including billing information and all materials relied upon by each expert in formulating their opinions and conclusions.

**Miscellaneous**

54.    Please produce copies of all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

55.    Produce any documents obtained through a request for production of documents, open records request, or subpoena.

56.    All documents identified by Defendants in response to Plaintiff's Interrogatories to Defendants.

57.    All letters mailed to third parties (i.e., other than the Plaintiff, insured or Defendant) that relate to the Crash.

58.    Produce all documents and things upon which you intend to rely in support of each defense that you have asserted in response to the claims set forth against you by Plaintiff, to the extent that such documents and things have not already been produced by you in response to any other request to produce set forth herein.

59.    If you dispute that you were properly served with the subject lawsuit, a copy of all documents and materials that support your contention that service on you was insufficient.

60.    If you dispute venue, a copy of all documents and materials that support your contention that venue is improper.

61.    Pursuant to USCR 5.5, produce a privilege log for any document which has not been produced by you on grounds of privilege.

62.    To the extent your response to any of Plaintiff's Requests for Admission was anything other than an unqualified "Admitted," please produce any documents that you contend support your decision not to admit.

63.    Produce all documents or materials that you contend show that any other entity or

person other than you is responsible for the Crash

Submitted on February 17, 2022, by:


Northover Law Group                /s/Alexander D. Northover
3400 Peachtree Road NE             Alexander D. Northover
Suite 1049                         Georgia Bar No. 484531
Atlanta, GA 30326                  Attorney for Plaintiff
404-390-3900
678-810-0799 – fax
alex@northoverlawgroup.com

## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **Jamarious Crawford,** | Case No. 22A00618 |
| Plaintiff, | _____ |
| v. | |
| **Paschall Truck Lines, Inc., American Trucking and Transportation Insurance Company, Anwar Al-Shaibani, and Daimler Trust Co.,** | **Plaintiff's First Request for Production of Documents to Defendant Anwar Al-Shaibani** |
| Defendants. | |

Plaintiff serves these Interrogatories pursuant to the Georgia Civil Practice Act, including O.C.G.A. §§ 9-11-26 and 9-11-34.

Each request is addressed to the personal knowledge of Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to each of the aforementioned persons.

### Definitions

1. "*Document*" includes, but is not limited to, emails, correspondence, reports, memoranda, publications, stenographic or handwritten notes, audio or video recordings, pictures, drawings, photographs, maps, written calculations, and other written electronic communications.

2. "*Person*" means any natural person, corporation, partnership, proprietorship, association, organization, entity, or group of persons.

3.    "*The Crash*" means the automobile crash described in Plaintiff's Complaint and which forms the basis of this lawsuit.

4.    "Defendant driver means Anwar Al-Shaibani.

5.    "You" means all Defendants to whom these Requests are directed.

### *Requests*

### Background

1.  All documents related to any time Defendant has been issued a traffic citation.

2.  All documents showing how Defendant pled in relation to any traffic citations Defendant received.

3.  All documents showing the disposition of any traffic citations Defendant received.

4.  All documents related to any time Defendant has been arrested for any criminal offense.

5.  All documents related to each felony of which Defendant has been convicted of or to which Defendant has pled guilty.

6.  All documents related to each crime of moral turpitude of which Defendant has been convicted or to which Defendant has pled guilty.

7.  All documents related to each DUI of which Defendant has been convicted or to which Defendant has pled guilty.

8.  All documents related to any time Defendant has been involved in an automobile accident.

9.  All documents relating to Defendant's prior driving record from the State of Georgia and all other states where Defendant has held a driver's license.

10. If you, your agents, or your attorneys have obtained information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of Defendant or any other party to this case, please produce all documents containing said information.

11. A copy of Defendant's Georgia driver's license and all other states where Defendant has held a driver's license

### Defendant's Trip and Vehicle

12. Please produce copies of all documents that relate to the trip in which Defendant was

engaged at the time of the Crash, including documents relevant to the trip from the time it originated until the time it was to end. This request includes, but is not limited to, documentation related to the place of origin, destination, or stops along the way (e.g., work orders or receipts), and the general purpose of the trip.

13. Please produce all documents related to the damage to, or repair of, Defendant's vehicle involved in the Crash. This request encompasses, but is not limited to, photographs, repair estimates, repair bills, and damage appraisals.

14. Please produce copies of all evidence in your possession to include documents, photographs, sound or video recordings, or any documentation by any other name, which concerns Defendant's or any other party's physical or mental condition at or near the time of the Crash.

15. Please produce all data or information related to an EDR, "blackbox," GPS system, or other trip recording device that was installed in, present on, or made a part of Defendant vehicle that was involved in the Crash.

**The Crash**

16. All documents that were created during regularly conducted business activity that mention, refer to, or relate to the Crash.

17. All correspondence, materials, and other document(s) that evidence, reflect, or relate to any communication between Plaintiff and Defendant(s), including but not limited to any communication between Plaintiff and Defendants' insurance carriers or any representative thereof. Please note this includes, but is not limited to, the actual tape and transcription of any recorded statement(s).

18. All investigation reports, photographs (moving or still), videotapes, or other documents of any kind which reflect or relate to the Crash or Defendant's contentions in this action or any of the facts or circumstances upon which Plaintiff's claims or Defendant's contentions are based. Please note: this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; but, evidence obtained or created in the regular course of business is responsive to

this request.

19.   All documents, notes, memoranda, reports, or other writings prepared by Defendant or his agents in connection with any investigation made by Defendant into the Crash. Please note: this request does not seek attorney-client communications or documents that were prepared in anticipation of litigation; but, evidence obtained or created in the regular course of business is responsive to this request.

20.   All written or otherwise recorded statements in connection with the subject matter of this litigation.

21.   All documents identified by Defendant in response to Plaintiff's interrogatories to Defendant.

22.   A copy of all letters mailed to third parties (i.e., other than the Plaintiff, insured or Defendant) that relate to the Crash.

23.   A copy of your itemized records (call logs, bills, etc.) for the cell phone or other communications device that you had with you on the date of the Crash.

## Defenses

24.   All documents that Defendant contends contain support of any defense asserted by Defendant in this lawsuit.

25.   To the extent your response to any of Plaintiff's Requests for Admission was anything other than an unqualified "Admitted," please produce any documents that you contend support your decision not to admit.

## Damages

26.   Please produce a copy of all documents relating to Plaintiff that may be relevant to the issue of damages.

27.   Please produce copies of all evidence in your possession to include documents, medical records, photographs, sound or video recordings, or any documentation by any other name that concerns Plaintiff's physical or medical condition, injuries, or

damages.

28. Identify any statements you know of that were made by Plaintiff concerning the Incident, Plaintiff's injuries, or this lawsuit in any way.

### Experts

29. All documents received from or created by any experts who have investigated any issue relevant to the Crash.

30. Produce all documents and things that Defendant has provided to any expert you designated or expect to testify on Defendant's behalf at the trial of this matter.

31. All materials relied upon by each expert in formulating their opinions and conclusions.

32. All documents received from or created by any experts who have investigated any issue relevant to the Incident.

33. The entire file of all experts, including billing information and all materials relied upon by each expert in formulating their opinions and conclusions.

### Experts

34. Please produce copies of all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

35. Produce all documents and things that are identified by you in your responses to the Interrogatories served upon you in this matter, to the extent that they have not been produced in response to any other request to produce set forth herein.

36. Produce all documents and things upon which you intend to rely in support of each defense that you have asserted in response to the claims set forth against you by Plaintiff, to the extent that such documents and things have not already been produced by you in response to any other request to produce set forth herein.

37. Produce any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to you with regard to Plaintiff's claims against you. This request includes primary insurance

coverage, excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for same.

38. Produce reservation of rights letters you have received with respect to any insurance policy which may provide coverage for the Crash.

39. All documents that you receive in response to your Requests for Production of Documents to Non-Parties, Open Records Requests, and subpoenas to non-parties.

40. Please produce copies of all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case at trial.

41. Please produce all video recordings, photographs, reports, or other documents related to surveillance or observation of Plaintiff after the Crash.

42. Pursuant to USCR 5.5, produce a privilege log for all documents and materials which you are not producing on grounds of privilege.


Submitted on February 17, 2022, by:


Northover Law Group                         /s/Alexander D. Northover
3400 Peachtree Road NE                      Alexander D. Northover
Suite 1049                                  Georgia Bar No. 484531
Atlanta, GA 30326                           Attorney for Plaintiff
404-390-3900
678-810-0799 – fax
alex@northoverlawgroup.com

**Mertz, Cherise**

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Friday, March 18, 2022 3:53 PM |
| **To:** | Mertz, Cherise |
| **Subject:** | Filing Submitted for Case: 22A00618; Jamarious Crawford VS Paschall Truck Lines, Inc.,American Trucking and Transportation Insurance CompanyET AL; Envelope Number: 9383907 |



# Filing Submitted

Envelope Number: 9383907
Case Number: 22A00618
Case Style: Jamarious Crawford VS Paschall
Truck Lines, Inc.,American Trucking and
Transportation Insurance CompanyET AL

The filing below has been submitted to the clerk's office for review. Please allow 24 - 48 hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Dekalb County - State Court |
| **Date/Time Submitted** | 3/18/2022 3:52 PM EST |
| **Filing Type** | Answer |
| **Filing Description** | Defendants' Answer to Plaintiff's Complaint for Damages |
| **Type of Filing** | EFileAndServe |
| **Filed By** | Cherise Barkley |
| **Filing Attorney** | David Wilson |

| Fee Details |
|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay. |
| If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days). |

| This envelope is pending review and fees may change. | |
|---|---|
| Case Fee Information | $25.72 |
| Payment Service Fees | $0.72 |
| E-File Fees | $25.00 |
| Answer | $0.00 |
| Certificate | $0.00 |

| | |
|---|---|
| Certificate | $0.00 |
| Certificate Of Service | $0.00 |
| Certificate Of Service | $0.00 |

**Total:**$25.72 (The envelope still has pending filings and the fees are subject to change)

| Document Details | |
|---|---|
| **Lead Document** | 2022-03-18 Defs' Answer to Pl's Compl.pdf |
| **Lead Document Page Count** | 14 |
| **File Copy** | Download Document |
| This link is active for 45 days. | |

For technical assistance, contact your service provider

Odyssey File & Serve

(800) 297-5377

Please do not reply to this email. It was automatically generated.

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JAMARIOUS CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 22A00618 |
| v. | ) | |
| | ) | |
| | ) | |
| PASCHALL TRUCK LINES, INC. | ) | |
| AMERICAN TRUCKING AND | ) | |
| TRANSPORTATION INSURANCE | ) | |
| COMPANY, ANWAR AL-SHAIBANI, | ) | |
| AND DAIMLER TRUST CO., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW Defendants Paschall Truck Lines, Inc. ("PTL"), American Trucking and Transportation Insurance Company, A Risk Retention Group, (incorrectly identified as "American Trucking and Transportation Insurance Company" in Plaintiff's Complaint; hereafter "ATTIC, RRG"), Daimler Trust (incorrectly identified a "Daimler Trust Co." in Plaintiff's Complaint; hereafter "Daimler"), and Anwar Al-Shaibani ("Al-Shaibani"), (collectively, "Defendants"), and file this Answer to Plaintiff's Complaint for Damages, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The negligence of Plaintiff contributed proximately to his alleged damage, and he was not exercising ordinary care for his safety at the time it is claimed he was damaged.

**THIRD DEFENSE**

No act or omission on the part of Defendants either caused or contributed to whatever injury or damage Plaintiff may have sustained.

**FOURTH DEFENSE**

Even if Defendants were negligent in the manner set out and charged in the Complaint, which alleged negligence is expressly denied, the negligence of Plaintiff was equal to or greater than any negligence charged against Defendants in such Complaint and the consequences of such negligence, if any in fact existed, could have been avoided had Plaintiff been in the exercise of ordinary care.

**FIFTH DEFENSE**

Defendants raise the defense of contributory and/or comparative negligence by Plaintiff.

**SIXTH DEFENSE**

Plaintiff's damages must be apportioned among all potentially responsible parties and non-parties pursuant to O.C.G.A. § 51-12-33 and Georgia law.

**SEVENTH DEFENSE**

Defendant Daimler and ATTIC, RRG are not proper party defendants.

**EIGHTH DEFENSE**

Venue is improperly laid in this Court.

**NINTH DEFENSE**

Defendants raise the defense of insufficiency of process and insufficiency of service of process as to Defendant Daimler.

**TENTH DEFENSE**

This Court lacks jurisdiction over the persons of Daimler and ATTIC, RRG.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

## TWELFTH DEFENSE

Any award of punitive or exemplary damages to Plaintiffs in this case will be violative of the Constitutional safeguards provided to this Defendant under the Constitution of the State of Georgia and the Constitution of the United States of America.

## THIRTEENTH DEFENSE

Any award of punitive or exemplary damages to Plaintiff in this case is arbitrary, unreasonable, excessive and fundamentally unfair, vague, and not rationally related to legitimate government interest, in violation of this Defendants' right to due process and equal protection of the law under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and under the Constitution of the State of Georgia.

## FOURTEENTH DEFENSE

Any award of punitive damages would be violative of the procedural safeguards provided to DefendantS under the Sixth Amendment to the Constitution of the United States and the Constitution of the State of Georgia and that punitive damages are penal in nature and consequently, this Defendants are entitled to the same procedural safeguards as accorded to criminal defendants.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages against Defendants in any amount or in the amount sought in the Complaint under O.C.G.A. § 51-12-5.1.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to recover costs of litigation against these Defendants in any amount or in the amount sought in the Complaint under O.C.G.A. § 13-6-11.

## SEVENTEENTH DEFENSE

Defendants' investigation and discovery are continuing, and Defendants reserve the right to assert any affirmative defenses, additional defenses, claims, and denials as may be disclosed during the course of additional investigation and discovery.

## EIGHTEENTH DEFENSE

Responding to the numbered paragraphs of Plaintiff's Complaint, Defendants shows the Court the following:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendants are without knowledge or information sufficient to form a belief as to the allegations of Paragraph One (1) at this time.

2.

The allegations of Paragraph Two (2) of Plaintiff's Complaint are admitted.

3.

The allegations of Paragraph Three (3) of Plaintiff's Complaint are admitted.

4.

The allegations of Paragraph Four (4) of Plaintiff's Complaint are admitted.

5.

Responding to the allegations of Paragraph Five (5) of Plaintiff's Complaint, it is admitted that PTL may be served through its registered agent David A. Gibbs, 3443 Highway

641 South, Murray, Kentucky. The remaining allegations of Paragraph Five (5) of Plaintiff's Complaint are denied as stated.

6.

The allegations of Paragraph Six (6) of Plaintiff's Complaint are admitted.

7.

The allegations of Paragraph Seven (7) of Plaintiff's Complaint are admitted.

8.

These the allegations of Paragraph Eight (8) of Plaintiff's Complaint are denied.

9.

The allegations of Paragraph Nine (9) of Plaintiff's Complaint are admitted as to ATTIC, RRG. The remaining allegations of Paragraph Nine (9) of Plaintiff's Complaint are denied as stated.

10.

The allegations of Paragraph Ten (10) of Plaintiff's Complaint are admitted.

11.

Responding to the allegations of Paragraph Eleven (11) of Plaintiff's Complaint, it is admitted that ATTIC, RRG provided policy of insurance number ATTPTL119 to Defendant PTL that was in effect on October 19, 2019. The remaining allegations of Paragraph Eleven (11) of Plaintiff's Complaint are denied.

12.

The allegations of Paragraph Twelve (12) of Plaintiff's Complaint are denied as stated.

13.

Responding to the allegations of Paragraph Thirteen (13) of Plaintiff's Complaint, it is admitted that ATTIC, RRG can be served through its registered agent Tricia Crippen, 228 West Main Street, Missoula, Montana. The remaining allegations of Paragraph Thirteen (13) of Plaintiff's Complaint are denied.

14.

The allegations of Paragraph Thirteen (14) of Plaintiff's Complaint are denied.

15.

The allegations of Paragraph Fifteen (15) of Plaintiff's Complaint are denied.

16.

The allegations of Paragraph Sixteen (16) of Plaintiff's Complaint are admitted.

17.

Responding to the allegations of Paragraph Seventeen (17) of Plaintiff's Complaint, it is admitted that Defendant Al-Shaibani may be personally served at his residence. The remaining allegations of Paragraph Seventeen (17) of Plaintiff's Complaint are denied as stated.

18.

Responding to the allegations of Paragraph Eighteen (18) of Plaintiff's Complaint, it is admitted that Defendant Al-Shaibani is subject to the jurisdiction of this Court. The remaining allegations of Paragraph Eighteen (18) of Plaintiff's Complaint are denied as stated.

19.

The allegations of Paragraph Nineteen (19) of Plaintiff's Complaint are denied.

20.

The allegations of Paragraph Twenty (20) of Plaintiff's Complaint are denied as stated.

21.

The allegations of Paragraph Twenty-One (21) of Plaintiff's Complaint are denied as stated.

22.

The allegations of Paragraph Twenty-Two (22) of Plaintiff's Complaint are denied.

23.

The allegations of Paragraph Twenty-Three (23) of Plaintiff's Complaint are denied.

24.

The allegations of Paragraph Twenty-Four (24) of Plaintiff's Complaint are denied.

25.

The allegations of Paragraph Twenty-Five (25) of Plaintiff's Complaint are denied as stated.

**Imputed Liability**

26.

The allegations of Paragraph Twenty-Six (26) of Plaintiff's Complaint are admitted.

27.

The allegations of Paragraph Twenty-Seven (27) of Plaintiff's Complaint are admitted.

28.

Responding to the allegations of Paragraph Twenty-Eight (28) of Plaintiff's Complaint, it is admitted that Defendant PTL is an interstate motor carrier and that at the time of the accident

7

Defendant Al-Shaibani was operating a vehicle in the course and scope of his employment with Defendant PTL. The remaining allegations of Paragraph Twenty-Eight (28) of Plaintiff's Complaint are denied as stated.

29.

The allegations of Paragraph Twenty-Nine (29) of Plaintiff's Complaint are denied.

30.

The allegations of Paragraph Thirty (30) of Plaintiff's Complaint are denied.

31.

The allegations of Paragraph Thirty-One (31) of Plaintiff's Complaint are denied.

32.

The allegations of Paragraph Thirty-Two (32) of Plaintiff's Complaint are denied.

33.

The allegations of Paragraph Thirty-Three (33) of Plaintiff's Complaint are denied.

**Facts Applicable to All Counts**

34.

The allegations of Paragraph Thirty-Four (34) of Plaintiff's Complaint are admitted.

35.

The allegations of Paragraph Thirty-Five (35) of Plaintiff's Complaint are admitted.

36.

The allegations of Paragraph Thirty-Six (36) of Plaintiff's Complaint are denied.

37.

The allegations of Paragraph Thirty-Seven (37) of Plaintiff's Complaint are denied.

38.

The allegations of Paragraph Thirty-Eight (38) of Plaintiff's Complaint are denied.

39.

The allegations of Paragraph Thirty-Nine (39) of Plaintiff's Complaint are admitted.

40.

The allegations of Paragraph Forty (40) of Plaintiff's Complaint are denied.

**Count One: Negligence of Defendant Anwar Al-Shaibani**

41.

The allegations of Paragraph Forty-One (41) of Plaintiff's Complaint are admitted and Defendants further state that all drivers in Georgia have the duty to operate a vehicle in a reasonable and prudent manner and to adhere to the pertinent rules of the road.

42.

The allegations of Paragraph Forty-Two (42) of Plaintiff's Complaint are denied.

43.

The allegations of Paragraph Forty-Three (43) of Plaintiff's Complaint are denied.

44.

The allegations of Paragraph Forty-Four (44) of Plaintiff's Complaint are denied.

45.

The allegations of Paragraph Forty-Five (45) of Plaintiff's Complaint are denied.

46.

The allegations of Paragraph Forty-Six (46) of Plaintiff's Complaint, and all of its subparts, are denied.

47.

The allegations of Paragraph Forty-Seven (47) of Plaintiff's Complaint are denied.

**Count Two: Negligent Hiring, Training, Retention, Supervision, and Entrustment by Defendants Paschall Truck Lines, Inc., Daimler Trust Co., and American Trucking and Transportation Insurance Company**

48.

The allegations of Paragraph Forty-Eight (48) of Plaintiff's Complaint are denied.

49.

The allegations of Paragraph Forty-Nine (49) of Plaintiff's Complaint are denied.

50.

The allegations of Paragraph Fifty (50) of Plaintiff's Complaint are denied.

51.

The allegations of Paragraph Fifty-One (51) of Plaintiff's Complaint are denied.

52.

The allegations of Paragraph Fifty-Two (52) of Plaintiff's Complaint are denied.

53.

The allegations of Paragraph Fifty-Three (53) of Plaintiff's Complaint are denied.

54.

The allegations of Paragraph Fifty-Four (54) of Plaintiff's Complaint are denied.

55.

The allegations of Paragraph Fifty-Five (55) of Plaintiff's Complaint are denied.

56.

The allegations of Paragraph Fifty-Six (56) of Plaintiff's Complaint are denied.

57.

The allegations of Paragraph Fifty-Seven (57) of Plaintiff's Complaint are denied.

58.

The allegations of Paragraph Fifty-Eight (58) of Plaintiff's Complaint are denied.

59.

The allegations of Paragraph Fifty-Nine (59) of Plaintiff's Complaint are denied.

60.

The allegations of Paragraph Sixty (60) of Plaintiff's Complaint are denied.

61.

The allegations of Paragraph Sixty-One (61) of Plaintiff's Complaint are denied.

62.

The allegations of Paragraph Sixty-Two (62) of Plaintiff's Complaint are denied.

63.

The allegations of Paragraph Sixty-Three (63) of Plaintiff's Complaint are denied.

64.

The allegations of Paragraph Sixty-Four (64) of Plaintiff's Complaint are denied.

65.

The allegations of Paragraph Sixty-Four (64) of Plaintiff's Complaint are denied.

**Count Three: Direct Action Against Defendant American Trucking and Transportation**

**Insurance Company**

66.

The allegations of Paragraph Sixty-Six (66) of Plaintiff's Complaint are denied.

67.

Responding to the allegations of Paragraph Sixty-Seven (67) of Plaintiff's Complaint, it

is admitted that ATTIC, RRG issued a policy of insurance to Defendant PTL at the time of the

accident and which policy provides the terms and conditions related to coverage.  The remaining

allegations of Paragraph Sixty-Seven (67) of Plaintiff's Complaint are denied as stated.

68.

The allegations of Paragraph Sixty-Eight (68) of Plaintiff's Complaint are denied as

stated.

69.

The allegations of Paragraph Sixty-Nine (69) of Plaintiff's Complaint are denied.

**Damages**

70.

The allegations of Paragraph Seventy (70) of Plaintiff's Complaint are denied.

71.

The allegations of Paragraph Seventy-One (71) of Plaintiff's Complaint are denied.

72.

The allegations of Paragraph Seventy-Two (72) of Plaintiff's Complaint are denied.

73.

The allegations of Paragraph Seventy-Three (73) of Plaintiff's Complaint are denied.

74.

The allegations of Paragraph Seventy-Four (74) of Plaintiff's Complaint are denied.

75.

The allegations of Paragraph Seventy-Five (75) of Plaintiff's Complaint, and all of its

subparts, are denied.

76.

The allegations of Paragraph Seventy-Six (76) of Plaintiff's Complaint, and all of its subparts, are denied.

### Certificate of Timeliness

To the extent the allegations of Plaintiff's Certificate of Timeliness attached as Exhibit A to Plaintiff's Complaint require a response, they are denied.

Any and all allegations of Plaintiff's Complaint not specifically responded to herein are denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants demand judgment in their favor, with all costs of this action being assessed against Plaintiff.

This 18th day of March, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 – fax
wmajor@hpylaw.com
dwilson@hpylaw.com
gdrogosch@hpylaw.com

*s/David H. Wilson*
William H. Major, III
Georgia Bar No. 466750
David H. Wilson
Georgia Bar No. 767774

13

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JAMARIOUS CRAWFORD,      )
)
     Plaintiff,          )    CIVIL ACTION FILE
)    NO. 22A00618
v.                       )
)
)
PASCHALL TRUCK LINES, INC.   )
AMERICAN TRUCKING AND     )
TRANSPORTATION INSURANCE  )
COMPANY, ANWAR AL-SHAIBANI, )
AND DAIMLER TRUST CO.,      )
)
     Defendants.         )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing *Defendants' Answer to Plaintiff's Complaint for Damages* by electronic filing and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

Alexander D. Northover, Esq.
Northover Law Group
3400 Peachtree Road NE
Suite 1049
Atlanta, GA 30326

This 18th day of March, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree St., N.E.         *s/David H. Wilson*
Suite 4000                      William H. Major, III
Atlanta, GA 30308-3243     Georgia Bar No. 466750
Phone: (404) 614-7400       David H. Wilson
Fax: (404) 614-7500         Georgia Bar No. 767774
wmajor@hpylaw.com
dwilson@hpylaw.com